CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 26 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ) <br> INFORMATION ASSOCIATED WITH ) <br> FACEBOOK USER ID: 100010301705440 ) <br> THAT IS STORED AT PREMISES ) <br> CONTROLLED BY FACEBOOK, INC. ) <br> ) | Case No.   4:21mj20 <br><br> **SEALED** |

## APPLICATION FOR ORDER COMMANDING FACEBOOK, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order **FACEBOOK, INC.** not to notify any person, including the customers of the identifier(s) **USER ID: 100010301705440** of the existence of the search warrant for one hundred and eighty (**180**) days.

**FACEBOOK, INC.** is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the search warrant, which requires **FACEBOOK, INC.** to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the target(s) to the ongoing investigation, and its disclosure may alert the target(s) to the fact that he/she is under investigation for violations of the federal criminal code, including but not limited to potential violations of 18 U.S.C. § 1962, 18 U.S.C. § 1959, 21 U.S.C. § 841 *et seq*. Accordingly, there is reason to believe that notification of

the existence of the search warrant will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual.  *See* 18 U.S.C. § 2705(b).   Moreover, some of the evidence in this investigation is stored electronically.  If alerted to the existence of the search warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the Order directing **FACEBOOK, INC.** not to disclose the existence or content of the search warrant for one hundred and eighty (180) days, except that **FACEBOOK, INC.** may disclose the search warrant to an attorney for **FACEBOOK, INC.** for the purpose of receiving legal advice.

Respectfully Submitted,

DANIEL P. BUBAR
Acting United States Attorney

/s/ Heather L Carlton
Assistant United States Attorney
United States Attorney's Office
U.S. Courthouse & Federal Building
255 W. Main St., Room 130
Charlottesville, Virginia 22902
434-293-4283
Heather.Carlton@usdoj.gov

DATE:   July 26, 2021